IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY YANTZ,

                Plaintiff,

v.                                          No. 2:20-cv-00183-GBW-KRS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on April 27, 2020. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission by each party to any other party with responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) requests for production by each party to any other party with responses due thirty (30) days after service.

(d) Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant. The parties may seek leave of the Court should a greater number be required. Each deposition,

other than of the parties and experts, shall not exceed four (4) hours unless extended by the parties' agreement during the deposition.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to join parties and/or amend pleadings pursuant to Federal Rule of Civil Procedure 15:  **May 27, 2020**;

(b) Deadline for Defendant to join parties and/or amend pleadings pursuant to Federal Rule of Civil Procedure 15: **June 11, 2020**;

(c) Plaintiff's expert-disclosure deadline:  **August 5, 2020**;

(d) Defendants' expert-disclosure deadline:  **September 18, 2020**;

(e) Deadline for supplementing discovery/disclosures: **within thirty (30) days of receipt of new information**;

(f) Termination of discovery:  **October 23, 2020**;

(g) Motions relating to discovery:  **November 2, 2020**;

(h) All other motions:  **November 17, 2020**;

(i) Pretrial order:     Plaintiff to Defendant by:  **December 16, 2020**;

Defendant to Court by:  **December 23, 2020**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery

deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE